1  AMY W. SCHULMAN
   DLA PIPER LLP
2  1251 Avenue of the Americas
   New York, NY 10020
3  Telephone:  (212) 335-4500
   Facsimile:  (212) 335-4501
4  amy.schulman@dlapiper.com

5  STUART M. GORDON (SBN: 037477)
   GORDON & REES LLP
6  Embarcadero Center West
   275 Battery Street, Suite 2000
7  San Francisco, CA 94111
   Telephone:  (415) 986-5900
8  Facsimile:  (415) 986-8054
   sgordon@gordonrees.com
9
10 MICHAEL C. ZELLERS (SBN: 146904)
   TUCKER ELLIS & WEST LLP
11 515 South Flower Street, Suite 4200
   Los Angeles, CA 90071-2223
12 Telephone:  (213) 430-3400
   Facsimile:  (213) 430-3409
13 michael.zellers@tuckerellis.com

14 Attorneys for Defendants
   PFIZER INC., PHARMACIA CORPORATION, AND
15 G.D. SEARLE LLC

16            UNITED STATES DISTRICT COURT

17          NORTHERN DISTRICT OF CALIFORNIA

18             SAN FRANCISCO DIVISION

19 IN RE CELEBREX AND BEXTRA          )  MDL Docket No. 1699
   MARKETING, SALES PRACTICES AND     )
20 PRODUCTS LIABILITY LITIGATION      )  CASE NO. 3:08-cv-1591-CRB
   _____)
   *This document relates to*         )
21                                    )  **PFIZER INC., PHARMACIA**
   RONALD CARR, et al.,               )  **CORPORATION, AND G.D.**
22                                    )  **SEARLE LLC'S ANSWER TO**
              Plaintiffs,             )  **COMPLAINT**
23                                    )
         vs.                          )  **JURY DEMAND ENDORSED**
24                                    )  **HEREIN**
   PFIZER, INC., PHARMACIA CORPORATION,)
25 MONSANTO COMPANY, and G.D. SEARLE  )
   LLC,                               )
26                                    )
              Defendants.            )
27 _____)
                                      )
28 _____)

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    NOW COME Defendants Pfizer Inc. (improperly captioned in Plaintiffs' Complaint as

2  "Pfizer, Inc.") ("Pfizer"), Pharmacia Corporation (formerly known as "Monsanto Company"[1])

3  ("Pharmacia"), and G.D. Searle LLC   ("Searle") (collectively "Defendants"), and file this

4  Answer to Plaintiffs' Complaint ("Complaint"), and would respectfully show the Court as

5  follows:

6                                         **I.**

7                          **PRELIMINARY STATEMENT**

8    The Complaint does not state in sufficient detail when Plaintiffs were prescribed or used

9  Bextra® (valdecoxib) ("Bextra®").   Accordingly, this Answer can only be drafted generally.

10  Defendants may seek leave to amend this Answer when discovery reveals the specific time

11  periods in which Plaintiffs were prescribed and used Bextra®.

12                                        **II.**

13                                     **ANSWER**

14                **Response to Allegations Regarding Parties**

15  1.    Defendants admit that Plaintiffs brought this civil action seeking monetary damages, but

16  deny that Plaintiffs are entitled to any relief or damages.  Defendants admit that, during certain

17  periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States

18  to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

19  accordance with their approval by the FDA.  Defendants admit that, during certain periods of

20  time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed,

21  co-promoted and distributed Bextra® in the United States to be prescribed by healthcare

22  providers who are by law authorized to prescribe drugs in accordance with their approval by the

23  FDA.  Defendants state that Bextra® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

---

[1] Plaintiffs' Complaint names "Monsanto Company" as a Defendant.  Defendants state that in 1933, an entity known as Monsanto Company ("1933 Monsanto") was incorporated under the laws of Delaware.  On March 31, 2000, 1933 Monsanto changed its name to Pharmacia Corporation.  On February 9, 2000, a separate company, Monsanto Ag Company, was incorporated under the laws of Delaware.  On March 31, 2000, Monsanto Ag Company changed its name to Monsanto Company ("2000 Monsanto").  The 2000 Monsanto is engaged in the agricultural business and does not and has not ever designed, produced, manufactured, sold, resold or distributed Bextra®.  Given that Plaintiffs allege in their Complaint that Monsanto Company was involved in distributing Bextra®, *see* PLAINTIFFS' COMPLAINT at ¶ 9, Defendants assume Plaintiffs mean to refer to 1933 Monsanto.  As a result, Pharmacia will respond to the allegations directed at Monsanto Company.

with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

2.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's age and citizenship, and, therefore, deny the same. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and Plaintiff's medical condition, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

3.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's age and citizenship, and, therefore, deny the same. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and Plaintiff's medical condition, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

4.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's age and citizenship, and, therefore, deny the same. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and Plaintiff's medical condition, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

5.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's age and citizenship, and, therefore, deny the same. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff used Bextra® and Plaintiff's medical condition, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    Complaint.

2    6.    Defendants are without knowledge or information sufficient to form a belief as to the

3    truth of the allegations regarding Plaintiff's age and citizenship, and, therefore, deny the same.

4    Defendants are without knowledge or information sufficient to form a belief as to the truth of

5    the allegations regarding whether Plaintiff used Bextra® and Plaintiff's medical condition, and,

6    therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the

7    Complaint.

8    7.    Defendants admit that Pfizer is a Delaware corporation with its principal place of

9    business in New York.  Defendants admit that Pharmacia acquired Searle in 2000 and that, as

10   the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.

11   Defendants admit that, during certain periods of time, Pfizer marketed and co-promoted

12   Bextra® in the United States, including California, to be prescribed by healthcare providers

13   who are by law authorized to prescribe drugs in accordance with their approval by the FDA.

14   Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and

15   ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of

16   such allegations, and, therefore, deny the same.  Defendants deny the remaining allegations in

17   this paragraph of the Complaint.

18   8.    Defendants admit that Searle is a Delaware limited liability company with its principal

19   place of business in Illinois.  Defendants admit that, during certain periods of time, Bextra®

20   was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted

21   and distributed Bextra® in the United States to be prescribed by healthcare providers who are

22   by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

23   deny the remaining allegations in this paragraph of the Complaint.

24   9.    Defendants admit that in 1933 an entity known as Monsanto Company ("1933

25   Monsanto") was incorporated under the laws of Delaware.  On March 31, 2000, a subsidiary of

26   1933 Monsanto merged with Pharmacia & Upjohn, Inc, and 1933 Monsanto changed its name

27   to Pharmacia Corporation.  On February 9, 2000, a separate company, Monsanto Ag Company,

28   was incorporated under the laws of Delaware.  On March 31, 2000, Monsanto Ag Company

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  changed its name to Monsanto Company ("2000 Monsanto").  The 2000 Monsanto is engaged

2  in the agricultural business and does not and has not ever manufactured, marketed, sold, or

3  distributed Bextra®.  The 2000 Monsanto is not and has never been the parent of either Searle

4  or Pharmacia.  As the 2000 Monsanto does not and has not ever manufactured, marketed, sold,

5  or distributed Bextra®, Defendants therefore state that the 2000 Monsanto is not a proper party

6  in this matter.  Defendants deny the remaining allegations in this paragraph of the Complaint.

7  Defendants state that the response to this paragraph of the Complaint regarding Monsanto is

8  incorporated by reference into Defendants' responses to each and every paragraph of the

9  Complaint referring to Monsanto and/or Defendants.

10  10.     Defendants admit that Pharmacia is a Delaware corporation with its principal place of

11  business in New Jersey.  Defendants admit that, during certain periods of time, Pharmacia

12  marketed and co-promoted Bextra® in the United States, including California, to be prescribed

13  by healthcare providers who are by law authorized to prescribe drugs in accordance with their

14  approval by the FDA.  Defendants state that Plaintiffs' allegations regarding "predecessors in

15  interest" are vague and ambiguous.  Defendants are without knowledge or information to form

16  a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants deny the

17  remaining allegations in this Paragraph of the Complaint.

18  **Response to Allegations Regarding Jurisdiction and Venue**

19  11.     Defendants are without knowledge or information to form a belief as to the truth of the

20  allegations in this paragraph of the Complaint regarding the amount in controversy, and,

21  therefore, deny that the same.  However, Defendants admit that Plaintiffs claim that the amount

22  in controversy exceeds $75,000, exclusive of interests and costs.

23  12.     Defendants are without knowledge or information sufficient to form a belief as to the

24  truth of the allegations in this paragraph of the Complaint regarding Plaintiffs' citizenship and

25  the amount in controversy, and, therefore, deny the same.  However, Defendants admit that

26  Plaintiffs claim that the parties are diverse and that the amount in controversy exceeds $75,000,

27  exclusive of interests and costs.

28  13.     Defendants are without knowledge or information sufficient to form a belief as to the

1    truth of the allegations in this paragraph of the Complaint regarding the judicial district in

2    which the asserted claims allegedly arose, and, therefore, deny the same.  Defendants deny

3    committing a tort in the States of Arkansas, Florida, North Dakota, Wyoming, Michigan, and

4    California, and deny the remaining allegations in this paragraph of the Complaint.

5    14.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

6    and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

7    by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

8    admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

9    which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

10   be prescribed by healthcare providers who are by law authorized to prescribe drugs in

11   accordance with their approval by the FDA.  Defendants admit that they provided FDA-

12   approved prescribing information regarding Bextra®.  Defendants admit that they do business

13   in the State of California.  Defendants state that Plaintiffs' allegations regarding "predecessors

14   in interest" are vague and ambiguous.  Defendants are without knowledge or information to

15   form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants deny

16   any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

17                    **Response to Allegations Regarding Interdistrict Assignment**

18   15.    Defendants state that this paragraph of the Complaint contains legal contentions to

19   which no response is required.  To the extent that a response is deemed required, Defendants

20   admit that this case should be transferred to In re: Bextra and Celebrex Marketing, Sales Prac.

21   And Prods. Liab. Litig., MDL-1699, assigned to the Honorable Charles R. Breyer by the

22   Judicial Panel on Multidistrict Litigation on September 6, 2005.

23                                **Response to Factual Allegations**

24   16.    Defendants are without knowledge or information sufficient to form a belief as to the

25   truth of the allegations regarding Plaintiffs' medical condition and whether Plaintiffs used

26   Bextra® and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that

27   Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this

28   paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

17.     Defendants admit that Bextra® was expected to reach consumers without substantial change from the time of sale.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants deny the remaining allegations this paragraph of the Complaint.

18.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same. Defendants deny remaining the allegations in this paragraph of the Complaint.

18.     Answering the second Paragraph 18 of the Complaint, Defendants admit that Bextra® is in a class of drugs that is, at times, referred to as non-steroidal anti-inflammatory drugs ("NSAIDS").  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny the remaining allegations in this paragraph of the Complaint.

19.     The allegations in this paragraph of the Complaint are not directed toward Defendants and, therefore, no response is required.   To the extent a response is deemed required, Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

20.     The allegations in this paragraph of the Complaint are not directed toward Defendants and, therefore, no response is required.   To the extent a response is deemed required, Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   form a belief as to the truth of such allegations and, therefore, deny the same.

2   21.    The allegations in this paragraph of the Complaint are not directed toward Defendants

3   and, therefore, no response is required.    To the extent a response is deemed required,

4   Defendants state that Plaintiffs fail to provide the proper context for the allegations in this

5   paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to

6   form a belief as to the truth of such allegations and, therefore, deny the same.

7   22.    The allegations in this paragraph of the Complaint are not directed toward Defendants

8   and, therefore, no response is required.    To the extent a response is deemed required,

9   Defendants state that Plaintiffs fail to provide the proper context for the allegations in this

10  paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to

11  form a belief as to the truth of such allegations and, therefore, deny the same.

12  23.    Plaintiffs fail to provide the proper context for the allegations in this paragraph of the

13  Complaint.  Defendants lack sufficient information or knowledge to form a belief as to the truth

14  of such allegations and, therefore, deny the same.

15  24.    Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are

16  vague and ambiguous.  Defendants are without knowledge or information to form a belief as to

17  the truth of such allegations, and, therefore, deny the same.  Defendants deny any wrongful

18  conduct and deny the remaining allegations in this paragraph of the Complaint.

19  25.    Plaintiffs do not allege having used Celebrex® in this Complaint.    Nevertheless,

20  Defendants admit that Celebrex® was launched in the United States in February 1999.

21  Defendants state that Celebrex® was and is safe and effective when used in accordance with its

22  FDA-approved prescribing information.  Defendants admit that, during certain periods of time,

23  Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be

24  prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

25  with their approval by the FDA.    Defendants admit that, during certain periods of time,

26  Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-

27  promoted and distributed Celebrex® in the United States to be prescribed by healthcare

28  providers who are by law authorized to prescribe drugs in accordance with their approval by the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  FDA.  The allegations in this paragraph of the Complaint regarding Merck and Vioxx® are not

2  directed toward Defendants and, therefore, no response is required.  To the extent a response is

3  deemed required, Defendants state that Plaintiffs fail to provide the proper context for the

4  allegations in this paragraph of the Complaint regarding Merck and Vioxx®.   Defendants

5  therefore lack sufficient information or knowledge to form a belief as to the truth of such

6  allegations and, therefore, deny the same.  Defendants deny the remaining allegations in this

7  paragraph of the Complaint.

8  26.    Defendants admit that the New Drug Application for Bextra® was filed with the FDA

9  on January 15, 2001.  Defendants admit, as indicated in the package insert approved by the

10 FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis

11 and  adult  rheumatoid  arthritis,  as  well  as  for  the  treatment  of  primary  dysmenorrhea.

12 Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and

13 ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of

14 such  allegations,  and,  therefore,  deny  the  same.   Defendants  deny  the  remaining  allegations  in

15 this paragraph of the Complaint.

16 27.    Defendants admit that Bextra® was approved by the FDA on November 16, 2001.

17 Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is

18 indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid

19 arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants deny the remaining

20 allegations in this paragraph of the Complaint.

21 28.    Defendants admit, as indicated in the package insert approved by the FDA, that Bextra®

22 is  indicated  for  use  in  the  relief  of  the  signs  and  symptoms  of  osteoarthritis  and  adult

23 rheumatoid  arthritis,  as  well  as  for  the  treatment  of  primary  dysmenorrhea.   Defendants  deny

24 the remaining allegations in this paragraph of the Complaint.

25 29.    Defendants admit, as indicated in the package insert approved by the FDA, that Bextra®

26 is  indicated  for  use  in  the  relief  of  the  signs  and  symptoms  of  osteoarthritis  and  adult

27 rheumatoid  arthritis,  as  well  as  for  the  treatment  of  primary  dysmenorrhea.   Defendants  state

28 that Bextra® was and is safe and effective when used in accordance with its FDA-approved

1   prescribing information.  Defendants state that the potential effects of Bextra® were and are
2   adequately described in its FDA-approved prescribing information, which at all times was
3   adequate and comported with applicable standards of care and law.  Defendants deny the
4   remaining allegations in this paragraph of the Complaint.

5   30.    Defendants state that Bextra® was and is safe and effective when used in accordance
6   with its FDA-approved prescribing information.  Defendants state that the potential effects of
7   Bextra® were and are adequately described in its FDA-approved prescribing information,
8   which at all times was adequate and comported with applicable standards of care and law.
9   Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-
10  promoted Bextra® in the United States to be prescribed by healthcare providers who are by law
11  authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit
12  that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which
13  developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be
14  prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance
15  with their approval by the FDA.  Defendants state that Plaintiffs' allegations regarding
16  "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or
17  information to form a belief as to the truth of such allegations, and, therefore, deny the same.
18  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of
19  the Complaint.

20  31.    Defendants state that the referenced article speaks for itself and respectfully refer the
21  Court to the article for its actual language and text.  Any attempt to characterize the article is
22  denied.  Defendants state that Bextra® was and is safe and effective when used in accordance
23  with its FDA-approved prescribing information.  Defendants deny the remaining allegations in
24  this paragraph of the Complaint.

25  32.    The allegations in this paragraph of the Complaint are not directed towards Defendants
26  and, therefore, no response is necessary.  Should a response be deemed necessary, Defendants
27  state that the referenced article speaks for itself and respectfully refer the Court to the article for
28  its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    the remaining allegations in this paragraph of the Complaint.

2    33.    Defendants admit that the New Drug Application for Bextra® was filed with the FDA

3    on January 15, 2001.  Defendants admit that Bextra® was approved by the FDA, on November

4    16, 2001.   Defendants deny any wrongful conduct and the remaining allegations in this

5    paragraph of the Complaint.

6    34.    Defendants state that Bextra® was and is safe and effective when used in accordance

7    with its FDA-approved prescribing information.  Defendants state that the potential effects of

8    Bextra® were and are adequately described in its FDA-approved prescribing information,

9    which at all times was adequate and comported with applicable standards of care and law.

10    Defendants deny the allegations in this paragraph of the Complaint.

11    35.    Defendants state that the referenced FDA Talk Paper for Bextra® speaks for itself and

12    respectfully refer the Court to the Talk Paper for its actual language and text.  Any attempt to

13    characterize the Talk Paper is denied.   Defendants deny the remaining allegations in this

14    paragraph of the Complaint.

15    36.    Defendants state that the referenced article speaks for itself and respectfully refer the

16    Court to the article for its actual language and text.  Any attempt to characterize the article is

17    denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

18    37.    Plaintiffs fail to provide the proper context for the allegations concerning the "post-drug

19    approval meta-analysis study" in this paragraph of the Complaint.   Defendants are without

20    sufficient information to confirm or deny such allegations and, therefore, deny the same.

21    Defendants state that the referenced study speaks for itself and respectfully refer the Court to

22    the study for its actual language and text.  Any attempt to characterize the study is denied.

23    Defendants deny the remaining allegations in this paragraph of the Complaint.

24    38.    The allegations in this paragraph of the Complaint are not directed towards Defendants

25    and, therefore, no response is necessary.  Should a response be deemed necessary, Defendants

26    state that the referenced article speaks for itself and respectfully refer the Court to the article for

27    its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny

28    the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

39.     The allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is necessary.  Should a response be deemed necessary, Defendants admit that a Joint Meeting of the Arthritis Advisory Committee and the Drug Safety and Risk Management Advisory Committee was held on February 16-18, 2005.  Defendants state that the referenced testimony speaks for itself and respectfully refer the Court to the testimony for its actual language and text.  Any attempt to characterize the testimony is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

40.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

41.     Defendants state that the referenced Alert for Healthcare Professionals speaks for itself and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language and text.  Any attempt to characterize the Alert for Healthcare Professionals is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

42.     Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

43.     Defendants state that the referenced Alert for Healthcare Professionals speaks for itself and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language and text.  Any attempt to characterize the Alert for Healthcare Professionals is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

44.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny the allegations in this paragraph of the Complaint.

45.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

46.     The allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is necessary.  Should a response be deemed necessary, Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

47.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the allegations in this paragraph of the Complaint.

48.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining allegations in this paragraph of the Complaint.

49.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

50.     Defendants deny the allegations in this paragraph of the Complaint.

51.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

1  be prescribed by healthcare providers who are by law authorized to prescribe drugs in

2  accordance with their approval by the FDA. Defendants state that Bextra® was and is safe and

3  effective when used in accordance with its FDA-approved prescribing information. Defendants

4  state that the potential effects of Bextra® were and are adequately described in its FDA-

5  approved prescribing information, which was at all times adequate and comported with

6  applicable standards of care and law. Defendants are without knowledge or information

7  sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used

8  Bextra® and, therefore, deny the same. Defendants deny any wrongful conduct and deny the

9  allegations in this paragraph of the Complaint.

10  52.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

11  and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

12  by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants

13  admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

14  which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

15  be prescribed by healthcare providers who are by law authorized to prescribe drugs in

16  accordance with their approval by the FDA. Defendants state that Bextra® was and is safe and

17  effective when used in accordance with its FDA-approved prescribing information. Defendants

18  state that the potential effects of Bextra® were and are adequately described in its FDA-

19  approved prescribing information, which was at all times adequate and comported with

20  applicable standards of care and law. Defendants deny the remaining allegations in this

21  paragraph of the Complaint.

22  53.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

23  and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

24  by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants

25  admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

26  which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

27  be prescribed by healthcare providers who are by law authorized to prescribe drugs in

28  accordance with their approval by the FDA. Defendants state that Bextra® was and is safe and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants deny the remaining allegations in this paragraph of the Complaint.

54.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law.  Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the allegations in this paragraph of the Complaint.

55.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny the remaining allegations in this paragraph of the Complaint.

56.    Defendants state that Bextra® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   with its FDA-approved prescribing information.  Defendants state that the potential effects of

2   Bextra® were and are adequately described in its FDA-approved prescribing information,

3   which at all times was adequate and comported with applicable standards of care and law.

4   Defendants deny the remaining allegations in this paragraph of the Complaint.

5   57.    Defendants state that Bextra® was and is safe and effective when used in accordance

6   with its FDA-approved prescribing information.  Defendants state that the potential effects of

7   Bextra® were and are adequately described in its FDA-approved prescribing information,

8   which was at all times adequate and comported with applicable standards of care and law.

9   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

10  the Complaint.

11  58.    Defendants state that Bextra® was and is safe and effective when used in accordance

12  with its FDA-approved prescribing information.  Defendants state that the potential effects of

13  Bextra® were and are adequately described in its FDA-approved prescribing information,

14  which was at all times adequate and comported with applicable standards of care and law.

15  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

16  the Complaint.

17  59.    Defendants deny the allegations in this paragraph of the Complaint.

18  60.    Defendants admit that the sale of Bextra® was voluntarily suspended in the U.S. market

19  as of April 7, 2005.  Defendants deny any wrongful conduct and deny the remaining allegations

20  contained in this paragraph of the Complaint.

21  61.    Defendants state that Bextra® was and is safe and effective when used in accordance

22  with its FDA-approved prescribing information.  Defendants state that the potential effects of

23  Bextra® were and are adequately described in its FDA-approved prescribing information,

24  which was at all times adequate and comported with applicable standards of care and law.

25  Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining

26  allegations in this paragraph of the Complaint.

27  62.    Defendants state that Bextra® was and is safe and effective when used in accordance

28  with its FDA-approved prescribing information.  Defendants state that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

63.     Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

64.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

65.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

66.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

2    admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

3    which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

4    be prescribed by healthcare providers who are by law authorized to prescribe drugs in

5    accordance with their approval by the FDA.  Defendants admit, as indicated in the package

6    insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and

7    symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of

8    primary dysmenorrhea.  Defendants deny any wrongful conduct and deny the remaining

9    allegations in this paragraph of the Complaint.

10   67.    Defendants state that Bextra® was and is safe and effective when used in accordance

11   with its FDA-approved prescribing information.  Defendants state that the potential effects of

12   Bextra® were and are adequately described in its FDA-approved prescribing information,

13   which was at all times adequate and comported with applicable standards of care and law.

14   Defendants are without knowledge or information sufficient to form a belief as to the truth of

15   the allegations regarding and whether Plaintiffs used Bextra® and, therefore, deny the same.

16   Defendants deny any wrongful conduct, deny that Bextra® is defective, deny that Bextra®

17   caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the

18   Complaint.

19   68.    Defendants state that Bextra® was and is safe and effective when used in accordance

20   with its FDA-approved prescribing information.  Defendants state that the potential effects of

21   Bextra® were and are adequately described in its FDA-approved prescribing information,

22   which was at all times adequate and comported with applicable standards of care and law.

23   Defendants are without knowledge or information sufficient to form a belief as to the truth of

24   the allegations regarding and whether Plaintiffs used Bextra® and, therefore, deny the same.

25   Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and

26   ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of

27   such allegations, and, therefore, deny the same.  Defendants deny any wrongful conduct, deny

28   that Bextra® is defective, deny that Bextra® caused Plaintiffs injury or damage, and deny the

1    remaining allegations in this paragraph of the Complaint.

2                    **Response to First Cause of Action: Negligence**

3    69.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

4    Complaint as if fully set forth herein.

5    70.    Defendants state that this paragraph of the Complaint contains legal contentions to

6    which no response is deemed required.    To the extent a response is deemed required,

7    Defendants admit that they had duties as are imposed by law but deny having breached such

8    duties.  Defendants state that the potential effects of Bextra® were and are adequately described

9    in its FDA-approved prescribing information, which was at all times adequate and comported

10    with applicable standards of care and law.  Defendants state that Bextra® was and is safe and

11    effective when used in accordance with its FDA-approved prescribing information.  Defendants

12    deny the remaining allegations in this paragraph of the Complaint.

13    71.    Defendants state that this paragraph of the Complaint contains legal contentions to

14    which no response is deemed required.    To the extent a response is deemed required,

15    Defendants admit that they had duties as are imposed by law but deny having breached such

16    duties.  Defendants state that Bextra® was and is safe and effective when used in accordance

17    with its FDA-approved prescribing information.  Defendants deny the remaining allegations in

18    this paragraph of the Complaint.

19    72.    Defendants state that this paragraph of the Complaint contains legal contentions to

20    which no response is required.  To the extent that a response is deemed required, Defendants

21    admit that they had duties as are imposed by law but deny having breached such duties.

22    Defendants state that Bextra® was and is safe and effective when used in accordance with its

23    FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

24    were and are adequately described in its FDA-approved prescribing information, which was at

25    all times adequate and comported with applicable standards of care and law.  Defendants deny

26    any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint,

27    including all subparts.

28    73.    Defendants state that Bextra® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

74.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

75.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

76.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

77.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage and deny the remaining allegations in this paragraph of the Complaint.

78.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Second Cause of Action: Strict Liability**

79.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

80.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-20-
ANSWER TO COMPLAINT – 3: 08-cv-1591-CRB

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    same.  Defendants admit that Bextra® was expected to reach consumers without substantial

2    change in the condition from the time of sale.  Defendants state that Bextra® was and is safe

3    and effective when used in accordance with its FDA-approved prescribing information.

4    Defendants state that the potential effects of Bextra® were and are adequately described in its

5    FDA-approved prescribing information, which was at all times adequate and comported with

6    applicable standards of care and law.  Defendants admit that, during certain periods of time,

7    Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed

8    by healthcare providers who are by law authorized to prescribe drugs in accordance with their

9    approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was

10   manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and

11   distributed Bextra® in the United States to be prescribed by healthcare providers who are by

12   law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

13   deny the remaining allegations in this paragraph of the Complaint.

14   81.    Defendants state that Bextra® was and is safe and effective when used in accordance

15   with its FDA-approved prescribing information.  Defendants state that the potential effects of

16   Bextra® were and are adequately described in its FDA-approved prescribing information,

17   which was at all times adequate and comported with applicable standards of care and law.

18   Defendants deny the allegations in this paragraph of the Complaint.

19   82.    Defendants state that Bextra® was and is safe and effective when used in accordance

20   with its FDA-approved prescribing information.  Defendants state that the potential effects of

21   Bextra® were and are adequately described in its FDA-approved prescribing information,

22   which was at all times adequate and comported with applicable standards of care and law.

23   Defendants deny that Bextra® is defective or unreasonably dangerous, and deny the remaining

24   allegations in this paragraph of the Complaint.

25   83.    Defendants state that this paragraph of the Complaint contains legal contentions to

26   which no response is deemed required.   To the extent a response is deemed required,

27   Defendants state that Bextra® was and is safe and effective when used in accordance with its

28   FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

1    were and are adequately described in its FDA-approved prescribing information, which was at

2    all times adequate and comported with applicable standards of care and law.  Defendants deny

3    that Bextra® is unreasonably dangerous, and deny the remaining allegations in this paragraph

4    of the Complaint, including all subparts.

5    84.    Defendants state that this paragraph of the Complaint contains legal contentions to

6    which no response is deemed required.   To the extent a response is deemed required,

7    Defendants state that Bextra® was and is safe and effective when used in accordance with its

8    FDA-approved prescribing information.  Defendants state that the potential effects of Bextra®

9    were and are adequately described in its FDA-approved prescribing information, which was at

10   all times adequate and comported with applicable standards of care and law.  Defendants deny

11   any wrongful conduct, deny that Bextra® is unreasonably dangerous, and deny the remaining

12   allegations in this paragraph of the Complaint.

13   85.    Defendants state that Bextra® was and is safe and effective when used in accordance

14   with its FDA-approved prescribing information.  Defendants state that the potential effects of

15   Bextra® were and are adequately described in its FDA-approved prescribing information,

16   which was at all times adequate and comported with applicable standards of care and law.

17   Defendants deny any wrongful conduct, deny that Bextra® is defective, deny that Bextra®

18   caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the

19   Complaint.

20   86.    Defendants state that Bextra® was and is safe and effective when used in accordance

21   with its FDA-approved prescribing information.  Defendants state that the potential effects of

22   Bextra® were and are adequately described in its FDA-approved prescribing information,

23   which was at all times adequate and comported with applicable standards of care and law.

24   Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining

25   allegations in this paragraph of the Complaint.

26   87.    Defendants are without knowledge or information sufficient to form a belief as to the

27   truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

28   same.  Defendants state that Bextra® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  with its FDA-approved prescribing information.  Defendants state that the potential effects of

2  Bextra® were and are adequately described in its FDA-approved prescribing information,

3  which was at all times adequate and comported with applicable standards of care and law.

4  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

5  promoted Bextra® in the United States to be prescribed by healthcare providers who are by law

6  authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit

7  that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which

8  developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be

9  prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

10  with their approval by the FDA.  Defendants deny any wrongful conduct, deny that Bextra® is

11  defective, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining

12  allegations in this paragraph of the Complaint.

13  88.    Defendants state that Bextra® was and is safe and effective when used in accordance

14  with its FDA-approved prescribing information.  Defendants state that the potential effects of

15  Bextra® were and are adequately described in its FDA-approved prescribing information,

16  which was at all times adequate and comported with applicable standards of care and law.

17  Defendants deny the remaining allegations in this paragraph of the Complaint.

18  89.    Defendants are without knowledge or information sufficient to form a belief as to the

19  truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

20  same.  Defendants state that Bextra® was and is safe and effective when used in accordance

21  with its FDA-approved prescribing information.  Defendants state that the potential effects of

22  Bextra® were and are adequately described in its FDA-approved prescribing information,

23  which was at all times adequate and comported with applicable standards of care and law.

24  Defendants deny the remaining allegations in this paragraph of the Complaint.

25  90.    Defendants state that Bextra® was and is safe and effective when used in accordance

26  with its FDA-approved prescribing information.  Defendants deny any wrongful conduct and

27  deny the remaining allegations in this paragraph of the Complaint.

28  91.    Defendants are without knowledge or information sufficient to form a belief as to the

truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny that Bextra® is defective and deny the remaining allegations in this paragraph of the Complaint.

92. Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

93. Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

94. Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

## Response to Third Cause of Action: Breach of Express Warranty

95. Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

96. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Bextra®. Defendants deny the remaining allegations in this paragraph of the Complaint.

97. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Bextra®.  Defendants deny the remaining allegations in this paragraph of the Complaint, including all subparts.

98.    Defendants deny the allegations in this paragraph of the Complaint.

99.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Bextra®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

100.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Bextra®.  Defendants deny any wrongful conduct the remaining allegations in this paragraph of the Complaint.

101.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants admit that they provided FDA-approved prescribing information regarding Bextra®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

102.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

103.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

104.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

1    damage, and deny the remaining allegations in this paragraph of the Complaint.

2    **Response to Fourth Cause of Action: Breach of Implied Warranty**

3    105.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

4    Complaint as if fully set forth herein.

5    106.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

6    and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

7    by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants

8    admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

9    which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

10   be prescribed by healthcare providers who are by law authorized to prescribe drugs in

11   accordance with their approval by the FDA. Defendants deny the remaining allegations in this

12   paragraph of the Complaint.

13   107.    Defendants admit that they provided FDA-approved prescribing information regarding

14   Bextra®. Defendants admit, as indicated in the package insert approved by the FDA, that

15   Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

16   rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendants state

17   that Bextra® was and is safe and effective when used in accordance with its FDA-approved

18   prescribing information. Defendants deny the remaining allegations in this paragraph of the

19   Complaint.

20   108.    Defendants are without knowledge or information sufficient to form a belief as to the

21   truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

22   same. Defendants admit, as indicated in the package insert approved by the FDA, that Bextra®

23   is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult

24   rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendants deny

25   the remaining allegations in this paragraph of the Complaint.

26   109.    Defendants are without knowledge or information sufficient to form a belief as to the

27   truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

28   same. Defendants state that Bextra® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

ANSWER TO COMPLAINT – 3: 08-cv-1591-CRB

with its FDA-approved prescribing information. Defendants deny the remaining allegations in this paragraph of the Complaint.

110.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same. Defendants state that Bextra® was expected to reach consumers without substantial change in the condition from the time of sale. Defendants deny the remaining allegations in this paragraph of the Complaint.

111.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

112.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

113.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

114.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Fifth Cause of Action: Fraudulent Misrepresentation & Concealment**

115.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

116.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is deemed required. To the extent a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Defendants deny the remaining allegations in this paragraph of the Complaint.

2    117.    Defendants state that Bextra® was and is safe and effective when used in accordance

3    with its FDA-approved prescribing information.  Defendants state that the potential effects of

4    Bextra® were and are adequately described in its FDA-approved prescribing information,

5    which was at all times adequate and comported with applicable standards of care and law.

6    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

7    the Complaint, including all subparts.

8    118.    Defendants state that Bextra® was and is safe and effective when used in accordance

9    with its FDA-approved prescribing information.  Defendants state that the potential effects of

10   Bextra® were and are adequately described in its FDA-approved prescribing information,

11   which was at all times adequate and comported with applicable standards of care and law.

12   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

13   the Complaint.

14   119.    Defendants state that Bextra® was and is safe and effective when used in accordance

15   with its FDA-approved prescribing information.  Defendants state that the potential effects of

16   Bextra® were and are adequately described in its FDA-approved prescribing information,

17   which was at all times adequate and comported with applicable standards of care and law.

18   Defendants deny any wrongful conduct, deny that Bextra® is defective or unreasonably

19   dangerous, and deny the remaining allegations in this paragraph of the Complaint.

20   120.    Defendants state that Bextra® was and is safe and effective when used in accordance

21   with its FDA-approved prescribing information.  Defendants state that the potential effects of

22   Bextra® were and are adequately described in its FDA-approved prescribing information,

23   which was at all times adequate and comported with applicable standards of care and law.

24   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

25   the Complaint.

26   121.    Defendants deny any wrongful conduct and deny the remaining allegations in this

27   paragraph of the Complaint.

28   122.    Defendants are without knowledge or information sufficient to form a belief as to the

1   truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

2   same. Defendants deny any wrongful conduct and deny the remaining allegations in this

3   paragraph of the Complaint.

4   123.    Defendants are without knowledge or information sufficient to form a belief as to the

5   truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

6   same. Defendants deny any wrongful conduct and deny the remaining allegations in this

7   paragraph of the Complaint.

8   124.    Defendants are without knowledge or information sufficient to form a belief as to the

9   truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

10  same. Defendants deny any wrongful conduct and deny the remaining allegations in this

11  paragraph of the Complaint.

12  125.    Defendants deny any wrongful conduct and deny the remaining allegations in this

13  paragraph of the Complaint.

14  126.    Defendants are without knowledge or information sufficient to form a belief as to the

15  truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

16  same. Defendants state that Bextra® was and is safe and effective when used in accordance

17  with its FDA-approved prescribing information. Defendants state that the potential effects of

18  Bextra® were and are adequately described in its FDA-approved prescribing information,

19  which was at all times adequate and comported with applicable standards of care and law.

20  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

21  the Complaint.

22  127.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

23  damage, and deny the remaining allegations in this paragraph of the Complaint.

24  128.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

25  damage, and deny the remaining allegations in this paragraph of the Complaint.

26  129.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

27  damage, and deny the remaining allegations in this paragraph of the Complaint.

28

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

## Response to Sixth Cause of Action: Unjust Enrichment

130.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

131.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

132.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

133.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

134.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny the remaining allegations in this paragraph of the Complaint.

135.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

136.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

1

**Response to Prayer for Relief**

2       Answering the unnumbered paragraph of the Complaint headed "Prayer for Relief,"

3   Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage,

4   and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

5                                        **III.**

6                                **GENERAL DENIAL**

7       Defendants deny all allegations and/or legal conclusions set forth in Plaintiffs'

8   Complaint that have not been previously admitted, denied, or explained.

9                                        **IV.**

10                             **AFFIRMATIVE DEFENSES**

11      Defendants reserve the right to rely upon any of the following or additional defenses to

12  claims asserted by Plaintiffs to the extent that such defenses are supported by information

13  developed through discovery or evidence at trial.  Defendants affirmatively show that:

14                                **First Defense**

15  1.    The Complaint fails to state a claim upon which relief can be granted.

16                               **Second Defense**

17  2.    Bextra® is a prescription medical product.  The federal government has preempted the

18  field of law applicable to the labeling and warning of prescription medical products.

19  Defendants' labeling and warning of Bextra® was at all times in compliance with applicable

20  federal law.  Plaintiffs' causes of action against Defendants, therefore, fail to state a claim upon

21  which relief can be granted; such claims, if allowed, would conflict with applicable federal law

22  and violate the Supremacy Clause of the United States Constitution.

23                                **Third Defense**

24  3.    At all relevant times, Defendants provided proper warnings, information and

25  instructions for the drug in accordance with generally recognized and prevailing standards in

26  existence at the time.

27                               **Fourth Defense**

28  4.    At all relevant times, Defendants' warnings and instructions with respect to the use of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  Bextra® conformed to the generally recognized, reasonably available, and reliable state of

2  knowledge at the time the drug was manufactured, marketed and distributed.

3  **Fifth Defense**

4  5.    Plaintiffs' action is time-barred as it is filed outside of the time permitted by the

5  applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendants.

6  **Sixth Defense**

7  6.    Plaintiffs' action is barred by the statute of repose.

8  **Seventh Defense**

9  7.    If Plaintiffs sustained any injuries or incurred any losses or damages as alleged in the

10  Complaint, the same were caused by the negligence or fault of the Plaintiffs and Plaintiffs'

11  damages, if any, are barred or reduced by the doctrines of comparative fault and contributory

12  negligence and by the failure to mitigate damages.

13  **Eighth Defense**

14  8.    The proximate cause of the loss complained of by Plaintiffs is not due to any acts or

15  omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the

16  part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not

17  liable in any way.

18  **Ninth Defense**

19  9.    The acts and/or omissions of unrelated third parties as alleged constituted independent,

20  intervening causes for which Defendants cannot be liable.

21  **Tenth Defense**

22  10.    Any injuries or expenses incurred by Plaintiffs were not caused by Bextra®, but were

23  proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act

24  of God.

25  **Eleventh Defense**

26  11.    Defendants affirmatively deny that they violated any duty owed to Plaintiffs.

27  **Twelfth Defense**

28  12.    A manufacturer has no duty to warn patients or the general public of any risk,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

ANSWER TO COMPLAINT – 3: 08-cv-1591-CRB

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

contraindication, or adverse effect associated with the use of a prescription medical product. Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product.  Bextra® is a prescription medical product, available only on the order of a licensed physician.  Bextra® provided an adequate warning to Plaintiffs' treating and prescribing physicians.

**Thirteenth Defense**

13.    The product at issue was not in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

**Fourteenth Defense**

14.    Bextra® was at all times material to the Complaint reasonably safe and reasonably fit for its intended use and the warnings and instructions accompanying Bextra® at the time of the occurrence of the injuries alleged by Plaintiffs were legally adequate for its approved usages.

**Fifteenth Defense**

15.    Plaintiffs' causes of action are barred in whole or in part by the lack of a defect as the Bextra® allegedly ingested by Plaintiffs was prepared in accordance with the applicable standard of care.

**Sixteenth Defense**

16.    If Plaintiffs sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same were caused by the unforeseeable alteration, change, improper handling, abnormal use, or other unforeseeable misuse of Bextra® by persons other than Defendants or persons acting on its behalf after the product left the control of Defendants.

**Seventeenth Defense**

17.    Plaintiffs' alleged damages were not caused by any failure to warn on the part of Defendants.

**Eighteenth Defense**

18.    Plaintiffs' alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Bextra®.

**Nineteenth Defense**

19.    Plaintiffs knew or should have known of any risk associated with Bextra®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

**Twentieth Defense**

20.    Plaintiffs are barred from recovering against Defendants because Plaintiffs' claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

**Twenty-first Defense**

21.    Plaintiffs' claims are barred in whole or in part under the applicable state law because the subject pharmaceutical product at issue was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

**Twenty-second Defense**

22.    The manufacture, distribution and sale of the pharmaceutical product referred to in Plaintiffs' Complaint were at all times in compliance with all federal regulations and statutes, and Plaintiffs' causes of action are preempted.

**Twenty-third Defense**

23.    Plaintiffs' claims are barred in whole or in part by the deference given to the primary jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at issue under applicable federal laws, regulations, and rules.

**Twenty-fourth Defense**

24.    Plaintiffs' claims are barred in whole or in part because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable federal laws, regulations, and rules.

**Twenty-fifth Defense**

25.    Plaintiffs' claims are barred in whole or in part because Defendants provided adequate "direction or warnings" as to the use of the subject pharmaceutical product within the meaning of Comment j to Section 402A of the Restatement (Second) of Torts.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

**Twenty-sixth Defense**

26.     Plaintiffs' claims are barred or limited to a product liability failure to warn claim because Bextra® is a prescription pharmaceutical drug and falls within the ambit of Restatement (Second) of Torts § 402A, Comment k.

**Twenty-seventh Defense**

27.     Plaintiffs' claims are barred in whole or in part because the subject pharmaceutical product at issue "provides net benefits for a class of patients" within the meaning of Comment f to § 6 of the Restatement (Third) of Torts: Products Liability.

**Twenty-eighth Defense**

28.     Plaintiffs' claims are barred under § 4, et seq., of the Restatement (Third) of Torts: Products Liability.

**Twenty-ninth Defense**

29.     To the extent that Plaintiffs are seeking punitive damages, Plaintiffs have failed to plead facts sufficient under the law to justify an award of punitive damages.

**Thirtieth Defense**

30.     The imposition of punitive damages in this case would violate Defendants' rights to procedural due process under the Fourteenth Amendment of the United States Constitution, the Constitutions of the States of Arkansas, Florida, North Dakota, Wyoming, Michigan, and California, and would additionally violate Defendants' right to substantive due process under the Fourteenth Amendment of the United States Constitution.

**Thirty-first Defense**

31.     Plaintiffs' claims for punitive damages are barred, in whole or in part, by the Fifth and Fourteenth Amendments to the United States Constitution.

**Thirty-second Defense**

32.     The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

**Thirty-third Defense**

33.     Plaintiffs' punitive damage claims are preempted by federal law.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### Thirty-fourth Defense

34.    In the event that reliance was placed upon Defendants' nonconformance to an express representation, this action is barred as there was no reliance upon representations, if any, of Defendants.

### Thirty-fifth Defense

35.    Plaintiffs failed to provide Defendants with timely notice of any alleged nonconformance to any express representation.

### Thirty-sixth Defense

36.    To the extent that Plaintiffs' claims are based on a theory providing for liability without proof of causation, the claims violate Defendants' rights under the United States Constitution.

### Thirty-seventh Defense

37.    Plaintiffs' claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the subject pharmaceutical products were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

### Thirty-eighth Defense

38.    To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, and the Full Faith and Credit Clause of the United States Constitution and the Constitutions of the States of Arkansas, Florida, North Dakota, Wyoming, Michigan, and California.  Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will

result in punitive damages; (3)  permits recovery of punitive damages based on out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiffs; (4) permits recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiffs and to the amount of compensatory damages, if any; (5) permits jury consideration of net worth or other financial information relating to Defendants; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

#### Thirty-ninth Defense

39.     The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Bextra®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

#### Fortieth Defense

40.     The claims asserted in the Complaint are barred because Bextra® was designed, tested, manufactured and labeled in accordance with the state-of-the-art industry standards existing at the time of the sale.

#### Forty-first Defense

41.     If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Defendants and over whom Defendants had no control and for whom Defendants may not be held accountable.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Forty-second Defense

42.     The claims asserted in the Complaint are barred, in whole or in part, because Bextra® was not unreasonably dangerous or defective, was suitable for the purpose for which it was intended, and was distributed with adequate and sufficient warnings.

### Forty-third Defense

43.     Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and/or estoppel.

### Forty-fourth Defense

44.     Plaintiffs' claims are barred because Plaintiffs' injuries, if any, were the result of the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural courses of conditions of Plaintiffs, and were independent of or far removed from Defendants' conduct.

### Forty-fifth Defense

45.     The claims asserted in the Complaint are barred, in whole or in part, because Bextra® did not proximately cause injuries or damages to Plaintiffs.

### Forty-sixth Defense

46.     The claims asserted in the Complaint are barred, in whole or in part, because Plaintiffs did not incur any ascertainable loss as a result of Defendants' conduct.

### Forty-seventh Defense

47.     The claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

### Forty-eighth Defense

48.     The claims must be dismissed because Plaintiffs would have taken Bextra® even if the product labeling contained the information that Plaintiffs contend should have been provided.

**Forty-ninth Defense**

49.    The claims asserted in the Complaint are barred because the utility of Bextra® outweighed its risks.

**Fiftieth Defense**

50.    Plaintiffs' damages, if any, are barred or limited by the payments received from collateral sources.

**Fifty-first Defense**

51.    Defendants' liability, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiffs' alleged damages, if any, are determined.   Defendants seek an adjudication of the percentage of fault of the claimants and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiffs.

**Fifty-second Defense**

52.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

**Fifty-third Defense**

53.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq*., and regulations promulgated there under, and Plaintiffs' claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Bextra®.   Accordingly, Plaintiffs' claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

**Fifty-fourth Defense**

54.    Plaintiffs' misrepresentation allegations are not stated with the degree of particularity

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

2  **Fifty-fifth Defense**

3  55.    Defendants state on information and belief that the Complaint and each purported cause

4  of action contained therein is barred by the statutes of limitations contained in California Code

5  of Civil Procedure §§ 335.1 and 338 and former § 340(3), such other statutes of limitation as

6  may apply.

7  **Fifty-sixth Defense**

8  56.    Defendants state on information and belief that any injuries, losses, or damages suffered

9  by Plaintiffs were proximately caused, in whole or in part, by the negligence or other actionable

10  conduct of persons or entities other than Defendants.  Therefore, Plaintiffs' recovery against

11  Defendants, if any, should be reduced pursuant to California Civil Code § 1431.2.

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

12  **Fifty-seventh Defense**

13  57.    To the extent that Plaintiffs seek punitive damages for an alleged act or omission of

14  Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil

15  Code § 3294, and, therefore, any award of punitive damages is barred.  Any claim for punitive

16  damages is also barred under California Civil Code § 3294(b).

17  **Fifty-eighth Defense**

18  58.    Plaintiffs' fraud based claims, if any, are not stated with particularity as required by

19  Rule 9 of the Arkansas Rules of Civil Procedure.

20  **Fifty-ninth Defense**

21  59.    Plaintiffs' damages, if any, must be reduced by the percentage of fault attributable to

22  Plaintiff and to nonparties as provided by Ark. Code Ann. § 16-55-202.

23  **Sixtieth Defense**

24  60.    Plaintiffs' claims are barred and/or limited by the provisions of the Arkansas Products

25  Liability Act, Ark. Code Ann. § 16-116-101, et seq.

26  **Sixty-first Defense**

27  61.    Plaintiffs' claims for punitive damages are barred, in whole or in part, by the Arkansas

28  Civil Justice Reform Act of 2003, Ark. Code Ann. § 16-55-201, et seq.

**Sixty-second Defense**

62.    Plaintiffs' fraud-based claims, if any, are not stated with particularity as required by Rule 1.120 of the Florida Rules of Civil Procedure.

**Sixty-third Defense**

63.    Plaintiffs' claims are barred because Bextra® was designed, manufactured, and marketed in accordance with the state of the art at the time of manufacture per § 768.1257, Florida Statutes.

**Sixty-fourth Defense**

64.    Bextra® is not defective or unreasonably dangerous, and Defendants are not liable because, at the time of sale or distribution of the Bextra® alleged to have been used by Plaintiff and Decedent, Defendants had complied with applicable regulations of the federal Food & Drug Administration and are entitled to application of § 768.1256, Florida Statutes.

**Sixty-fifth Defense**

65.    Plaintiffs' and Decedent's injuries and damages, if any, were proximately caused by the negligence or fault of Plaintiffs and Decedent, or persons or parties whose identities are unknown at this time, and such comparative negligence or fault is sufficient to proportionately reduce or bar Plaintiffs' recovery.    Thus, Defendants are entitled to have its liability to the Plaintiffs, if any, reduced as a result of the negligence or fault of said persons or entities, pursuant to the provisions of § 768.81, Florida Statutes.    To the extent any recovery is permitted in this case, pursuant to §§ 768.31 and 768.81, Florida Statutes, judgment must be entered on the basis of Defendants' percentage of fault, taking into account the percentage of fault attributable to all other persons, whether or not a party hereto, and not on the basis of joint and several liability.    The persons or entities referred to in this paragraph that are presently unknown to Defendants will be identified in a timely manner consistent with *Nash v. Wells Fargo*, 678 So. 2d 1262 (Fla. 1996).

**Sixty-sixth Defense**

66.    Plaintiffs fail to state a claim for violation of The Florida Deceptive and Unfair Trade Practices Act ("FDUTPA").

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

**Sixty-seventh Defense**

67.    FDUTPA does not apply to claims for personal injuries, and, accordingly, Plaintiffs' FDUTPA claim is improper and should be dismissed.

**Sixty-eighth Defense**

68.    The acts or practices of which Plaintiffs complain were and are required or specifically permitted by federal or state law.  Therefore, Plaintiffs' FDUTPA claim is barred, fails to state a claim, and should be dismissed with prejudice.

**Sixty-ninth Defense**

69.    Plaintiffs lack standing because Defendants did not engage in deceptive conduct with regard to Plaintiffs or Decedent or otherwise.

**Seventieth Defense**

70.    The product in question was approved as safe and effective by the FDA and the labeling for said product was in compliance with FDA's approval at the time the products left the control of one or more Defendants and hence, Plaintiffs' claims are barred by MCL 600.2946(5).

**Seventy-first Defense**

71.    Plaintiffs' claim for non-economic damages is capped pursuant to MCL 600.2946a.

**Seventy-second Defense**

72.    To the extent Plaintiffs prove that the products in question caused or contributed to any injury they may have suffered, which is denied by these Defendants, these Defendants should not be liable to warn as Plaintiffs cannot prove that the scientific, technical or medical information that was reasonably available at the time was known or should have been known by the Defendants. MCL 600.2948.

**Seventy-third Defense**

73.    Defendants assert all of the protections and defenses afforded them, and Plaintiffs' claims of liability or damages are limited pursuant to the Michigan Products Liability Act including specifically, but not limited to MCL 600.2946 through MCL 600.6306, including MCL 600.2946, MCL 600.2946(a), MCL 600.2947, MCL 600.2948, MCL 600.2956, MCL

1  600.2957 and MCL 600.2959.

2  ### Seventy-fourth Defense

3  74.    The product alleged to have caused damages may not have been used in the manner and

4  for the purposes intended.  Such improper use and/or abuse of the product for an unforeseeable

5  purpose and in an unforeseeable manner may have proximately caused or contributed to the

6  alleged injuries, if any, and therefore there is no recovery available against Defendants pursuant

7  to MCL 600.2947.

8  ### Seventy-fifth Defense

9  75.    Plaintiffs' claim for non-economic damages is barred for the reason that Plaintiffs'

10  percentage of comparative fault is greater than the aggregate fault of the Defendants and non-

11  parties hereto, pursuant to MCL 600.2959 and MCL 600.6306; but that to the extent allowable,

12  must be reduced in total or part pursuant to 600.2946(a).

13  ### Seventy-sixth Defense

14  76.    The claims set forth in Plaintiffs' Complaint are barred in that the product in question

15  was provided to a sophisticated user. In this case, the "user" would include any prescribing

16  physician.

17  ### Seventy-seventh Defense

18  77.    Plaintiffs failed to make every reasonable effort to mitigate, prevent and/or reduce their

19  alleged damages, injuries, and monetary losses.

20  ### Seventy-eighth Defense

21  78.    Plaintiffs' claims, part of Plaintiffs' claims, or evidence relating to Plaintiffs' claims

22  may be barred in whole or in part due to possible spoliation of evidence by Plaintiffs, or those

23  within Plaintiffs' control or with full knowledge of Plaintiffs.

24  ### Seventy-ninth Defense

25  79.    Any claims for punitive damages are barred in that they are not allowable under

26  Michigan law. To the extent that they are allowed contrary to Michigan law, such claims further

27  violate Defendants' constitutional rights under the following clauses of the United States

28  Constitution, as well as any similar provisions under the Michigan Constitution: Commerce

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-43-

1    Clause, Contracts Clause, Supremacy Clause, Due Process, Takings Clause, Excessive Fines

2    and Equal Protection.

3    **Eightieth Defense**

4    80.    Defendants reserve the right to supplement their assertion of defenses as they continue

5    with their factual investigation of Plaintiffs' claims.

6    **V.**

7    **PRAYER**

8    WHEREFORE, Defendants pray for judgment as follows:

9    1.    That Plaintiffs take nothing from Defendants by reason of the Complaint;

10   2.    That the Complaint be dismissed;

11   3.    That Defendants be awarded their costs for this lawsuit;

12   4.    That the trier of fact determine what percentage of the combined fault or other liability

13   of all persons whose fault or other liability proximately caused Plaintiffs' alleged

14   injuries, losses or damages is attributable to each person;

15   5.    That any judgment for damages against Defendants in favor of Plaintiffs be no greater

16   than an amount which equals their proportionate share, if any, of the total fault or other

17   liability which proximately caused Plaintiffs' injuries and damages; and

18   6.    That Defendants have such other and further relief as the Court deems appropriate.

19

20

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

ANSWER TO COMPLAINT – 3: 08-cv-1591-CRB

1 April 24, 2008        GORDON & REES LLP

2

3             By: :_____/s/_____

4              Stuart M. Gordon
              sgordon@gordonrees.com
5              Embarcadero Center West
              275 Battery Street, 20th Floor
6              San Francisco, CA 94111
              Telephone:  (415) 986-5900
7              Fax:  (415) 986-8054

8
 April 24, 2008        TUCKER ELLIS & WEST LLP
9

10
             By: :_____/s/_____
11

12             Michael C. Zellers
              michael.zellers@tuckerellis.com
13              515 South Flower Street, Suite 4200
              Los Angeles, CA  90071-2223
14              Telephone:  (213) 430-3400
              Fax:  (213) 430-3409
15
             Attorneys for Defendants
16             PFIZER INC., PHARMACIA
              CORPORATION, AND G.D. SEARLE
17             LLC

18

19

20

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

ANSWER TO COMPLAINT – 3: 08-cv-1591-CRB

1

## JURY DEMAND

2      Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC, hereby demand a

3  trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil

4  Procedure.

5  April 24, 2008                                    GORDON & REES LLP

6

7                                                    By: :_____/s/_____

8                                                        Stuart M. Gordon
9                                                        sgordon@gordonrees.com
                                                         Embarcadero Center West
10                                                       275 Battery Street, 20th Floor
                                                         San Francisco, CA  94111
11                                                       Telephone:  (415) 986-5900
                                                         Fax:  (415) 986-8054
12

13  April 24, 2008                                   TUCKER ELLIS & WEST LLP

14

15                                                   By: :_____/s/_____

16                                                       Michael C. Zellers
                                                         michael.zellers@tuckerellis.com
17                                                       515 South Flower Street, Suite 4200
                                                         Los Angeles, CA 90071-2223
18                                                       Telephone:  (213) 430-3400
                                                         Fax:  (213) 430-3409
19
                                                         Attorneys for Defendants
20                                                       PFIZER INC., PHARMACIA
                                                         CORPORATION, AND G.D. SEARLE
21                                                       LLC

22

23

24

25

26

27

28